UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Case No. 1:22-cv-9181 |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| CONTINENTAL RESOURCES, INC., | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| HAROLD G. HAMM, WILLIAM B. BERRY, | : **THE SECURITIES EXCHANGE ACT** |
| TIM TAYLOR, JOHN T. MCNABB II, LON | : **OF 1934** |
| MCCAIN, MARK E. MONROE, and | : |
| SHELLY LAMBERTZ, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

Shiva Stein ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Continental Resources, Inc. ("Continental or the "Company") and the members Continental board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Continental by affiliates owned by the Company's founder and Chairman of the Board, Harold G. Hamm ("Hamm").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 25, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Omega Acquisition, Inc. ("Purchaser"), 100% of the capital stock of which is owned by Hamm, will merge with and into Continental, with Continental continuing as the surviving corporation and as a wholly owned corporation of Hamm (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated October 16, 2022 (the "Merger Agreement"), each Continental common share issued and outstanding will be converted into the right to receive $74.28 per share owned (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Continental's outstanding common stock and will expire on November 21, 2022 (the "Tender Offer").

3.      Defendants have now asked Continental's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Continental's financial projections relied upon by the Company's financial advisor, Evercore Partners L.L.C. ("Evercore"); \ (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Evercore; and (iii) the background of the Proposed Transaction. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Continental stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Continental's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company stock is traded on the New York Stock Exchange, headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Continental common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Hamm is the founder of the Company and has served as a member of the Board since 1967 and non-employee Chairman since May 2021.

11. Individual Defendant William B. Berry has served as a member of the Board since May 2014 and as Chief Executive Officer of the Company since January 1, 2020.

12. Individual Defendant Tim Taylor has served as a member of the Board since November 2019.

13. Individual Defendant John T. McNabb II has served as a member of the Board since May 2010 and as Lead Director since May 2020.

14. Individual Defendant Lon McCain has served as a member of the Board since February 2006.

15. Individual Defendant Mark E. Monroe has served as a member of the Board since November 2001.

16. Individual Defendant Shelly Lambertz has served as a member of the Board since May 2018.

17. Defendant Continental is an Oklahoma corporation and maintains its principal offices at 20 N. Broadway, Oklahoma City, Oklahoma 73102.  The Company's stock trades on the New York Stock Exchange under the symbol "CLR."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.   The Proposed Transaction**

20. Continental explores for, develops, produces, and manages crude oil, natural gas, and related products primarily in the north, south, and east regions of the United States. The Company sells crude oil and natural gas production to energy marketing companies, crude oil

4

refining companies, and natural gas gathering and processing companies. As of December 31, 2021, its proved reserves were 1,645 million barrels of crude oil equivalent (MMBoe) with proved developed reserves of 908 MMBoe. The Company was founded in 1967 and is headquartered in Oklahoma City, Oklahoma.

    21.    On October 17, 2022, the Company announced the Proposed Transaction:

> OKLAHOMA CITY, Oct. 17, 2022 /PRNewswire/ -- Continental Resources, Inc. (NYSE: CLR) today announced that it has entered into an Agreement and Plan of Merger (the "Merger Agreement") with Omega Acquisition, Inc., an Oklahoma corporation ("Merger Sub"), an entity that is owned by Continental's founder, Harold G. Hamm. Pursuant to the Merger Agreement, Merger Sub will commence a tender offer to purchase any and all of the outstanding shares of Continental's common stock at $74.28 per share (the "Offer Price"), other than (i) shares of common stock owned directly or indirectly by Mr. Hamm and the Hamm family and (ii) shares of common stock underlying unvested equity awards issued pursuant to Continental's long-term incentive plans (the "Rollover Shares"). Based on the shares outstanding as of October 12, 2022, the tender offer would be for approximately 58 million shares of common stock. The Offer Price includes $0.28 in lieu of Continental's anticipated dividend for the third quarter of 2022. Accordingly, and consistent with the Merger Agreement, Continental will not pay dividends between the signing and closing of the Transaction (as defined below).
>
> As soon as practicable after the consummation of the tender offer, Merger Sub will merge with and into Continental (the "Merger" and, together with the tender offer, the "Transaction"), with Continental continuing as the surviving corporation, wholly owned by the Hamm family. Each share of common stock outstanding immediately prior to the effective time of the Merger (other than the Rollover Shares, shares owned by holders that validly seek appraisal rights under Oklahoma law and certain other excluded shares specified in the Merger Agreement) will be converted into the right to receive the Offer Price, without interest. The Offer Price represents a 15% premium to the closing price of the Common Stock of $64.50 as of June 13, 2022, prior to the June 14, 2022 announcement of the Hamm family's initial offer to Continental.

> There is no financing condition to the Transaction. It is anticipated that the Transaction will be financed using a combination of (i) the Company's cash on hand, (ii) borrowings under the Company's existing revolving credit facility and (iii) a new term loan facility to be entered into in connection with the closing of the Transaction.
>
> Mr. Hamm currently serves as Chairman of Continental's Board of Directors. He and the rest of the Hamm family collectively own approximately 83% of Continental's common stock.
>
> Continental's Board of Directors, acting on the unanimous recommendation of a special committee consisting solely of independent and disinterested directors, has approved the Merger Agreement and the transactions contemplated thereby and recommended that Continental's shareholders tender their shares of common stock pursuant to the tender offer.
>
> The Transaction is governed by Section 1081.H of the General Corporation Act of the State of Oklahoma and does not require a vote by the Continental's shareholders. Subject to the satisfaction of customary closing conditions, the Transaction is currently expected to close prior to December 31, 2022.
>
> Intrepid Partners, LLC is acting as financial advisor and Vinson & Elkins L.L.P. is acting as legal counsel to Mr. Hamm. Evercore is acting as financial advisor and Wachtell, Lipton, Rosen & Katz is acting as legal counsel to the special committee.

\* \* \*

22. It is therefore imperative that Continental's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.      The Materially Incomplete and Misleading Solicitation Statement**

23. On October 25, 2022, Continental filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the

Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning the Sales Process*

24. The Solicitation Statement fails to provide material information concerning the sales process, including: (i) the reason why the Special Committee agreed to the Merger Agreement without a majority of the minority provision, other than Hamm, who, along with his affiliates, owns 83% of the Company stock; and (ii) whether the Special Committee was granted veto powers.

*Omissions and/or Material Misrepresentations Concerning Evercore's Financial Analysis*

25. With respect to Evercore's *Public Company Trading Analysis*, the Solicitation Statement fails to disclose the financial metrics for each selected company observed in the analysis.

26. With respect to Evercore's *Precedent M&A Transactions* analysis, the Solicitation Statement fails to disclose the financial metrics and multiples for each selected transaction observed in the analysis.

27. The Solicitation Statement also fails to explain why the Company does not prepare financial forecasts to enable Evercore to conduct a discounted cash flow analysis.

28. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

31. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company,

the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

33. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

34. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

35. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Continental within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Continental, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Continental, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Continental, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

47.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and

information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

      C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

      D.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 26, 2022                **MELWANI & CHAN LLP**

                                              /s *Gloria Kui Melwani*
                                              Gloria Kui Melwani (GM5661)
                                              1180 Avenue of the Americas, 8th Floor
                                              New York, New York 10036
                                              Tel: (212) 382-4620
                                              Email:  gloria@melwanichan.com

                                              *Attorneys for Plaintiff*